MARTHA CRAIG DAUGHTREY, Circuit Judge,
dissenting.
In holding that the plaintiff is bound by the arbitration clause that was contained in the warranty but not in the contract to purchase the warranty, the majority relies in part on the opinion of the Ohio Court of Appeals in Reedy v. Cincinnati Bengals, Inc., 143 Ohio App.3d 516, 758 N.E.2d 678 (2001), interpreting that decision to “suggest] that an 'approve-or-reject’ mechanism would be permissible under [Ohio] state contract law.” But the Reedy court declined to enforce the arbitration clause in that case, because — in the words of the majority here — it was not presented in a manner that “permitted] the buyer to reject the terms with impunity after the buyer made an initial payment.” See Reedy, 758 N.E.2d at 686; see also Dunkelman v. Cincinnati Bengals, Inc., 158 Ohio App.3d 604, 612, 821 N.E.2d 198 (2004) (“For a subsequent arbitration term to have become enforceable by the payment of the accompanying invoice, the [buyer] would have had to retain the contractual option to reject the terms with impunity without having to forfeit the substantial initial payments.”)
In this case, I would hold likewise that the buyer lacked the ability to reject with impunity, if for no other reason than the ambiguous language in the warranty that he received. Moreover, as the district court noted:
*833 [T]he Unconditional Guarantee at issue in the Service Contract did not provide Plaintiff with an “opt-out” option. In fact, reading it by its plain terms, this provision in the contract does not provide Plaintiff with an opt-out or a refund: it simply advised Plaintiff that he could return the Warranty within ten days to obtain a “money back guarantee.” Plaintiff did not have an option to revoke the contract and receive a full refund after reviewing the terms of the agreement.
The district court thus concluded, as has the Ohio Court of Appeals in Reedy and Dunkelman, that the arbitration clause in the warranty “i[s] unenforceable because there was no meeting of the minds as to its inclusion.”
I agree, and I therefore respectfully dissent from the majority’s decision to remand this case to the district court to enforce the arbitration provision.